MURDOCK, Judge,
concurring in the result.
The main opinion concludes its analysis by holding that the trial court correctly awarded benefits under Article 3 of the Workers’ Compensation Act. In this regard, the main opinion relies upon the so-called “nonaccidental injury theory” articulated in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996). I agree with the result reached by the main opinion because I agree that, under our Supreme Court’s holding in Ex parte Trinity Industries, the trial court’s holding in this regard is due to be affirmed.
I do not agree with the alternative ground for affirming the trial court set out in the main opinion, however. Specifically, I do not agree that we could affirm the trial court’s judgment based on Article 4 of the Workers’ Compensation Act.
Article 4 of the Workers’ Compensation Act addresses the issue of compensation for employee’s suffering from occupational diseases. Section 25-5-110(1) of Article 4 defines an occupational disease in regard to the causal relationship that must exist between the employee’s working conditions and the disease itself:
“A disease arising out of and in the course of employment, including occupational pneumoconiosis and occupational exposure to radiation as defined in subdivisions (2) and (3), respectively, of this section, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease, including, but not limited to, loss of hearing due to noise, shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of exposure, over a period of time, to the normal working conditions of the trade, process, occupation, or employment.”
The City argues that the record does not support a finding that the employee suffers from an occupational disease under this causation-oriented definition. I agree.
The occupational disease at issue is coronary artery disease. The record indicates *1000 that myocardial infarctions, or heart attacks, occur as a result of that disease. They are not the occupational disease itself. See Safeco Ins. Cos. v. Blackmon, 851 So.2d 532 (Ala.Civ.App.2002). Insofar as compensability under Article 4 is concerned, therefore, the main opinion’s focus on whether the stress of events of June 2 and 3, 2000, might have triggered the employee’s heart attack is misplaced. Instead, the question is whether the record supports the trial court’s finding that the employee’s job as a firefighter caused him to develop coronary artery disease. I find that it does not.